**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| JOSIE BELANGER, AS GUARDIAN OF THE PERSON AND ESTATE OF JOSEPH MAGEE, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CASE NO. 1:22-cv-02092-JMS-MG |
| CARGO SOLUTION EXPRESS INC., SHARIF CHOWDHURY, BALWINDER K. KANG, and NATIONAL BENEFIT SERVICES, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**CASE MANAGEMENT PLAN**

### I.   Parties and Representatives

A.   Plaintiff:  Josie Belanger, as Guardian of the person and estate of Joseph Magee

Defendants: Cargo Solution Express Inc, Sharif Chowdhury, Balwinder K. Kang, and National Benefit Services, LLC

B.   Counsel for Plaintiff
Eliza R. Gordner, #25347-49
Rebecca S. Kleber, #34078-53
Carson LLP
301 W. Jefferson Blvd., Ste. 200
Fort Wayne, IN 46802
(260) 423-9411
gordner@carsonllp.com
kleber@carsonllp.com

Counsel for Defendant National Benefit Services, LLC
Briana L. Clark, Attorney No. 27208-06
Zechariah Lee Banks, Attorney No. 37506-49
DENTONS BINGHAM GREENEBAUM, LLP
2700 Market Tower

10 West Market Street
Indianapolis, IN 46204-4900
(317) 635-8900
briana.clark@dentons.com
zechariah.banks@dentons.com

Counsel for Defendants Cargo Solution Express Inc, Sharif Chowdhury,
Balwinder K. Kang
B.J. Brinkerhoff
Jeselskis Brinkerhoff and Joseph, LLC
320 N. Meridian Street, Suite 428
Indianapolis, IN 46204
317.220.6290
bjbrinkerhoff@jbjlegal.com

Counsel shall promptly file a notice with the Clerk if there is any change in this
information.


## II.   Jurisdiction and Statement of Claims

A.   Jurisdiction of this Court is proper under 28 U.S.C. §1331, in that Plaintiff asserts
claims under the Employee Retirement Income Security Act of 1974 ("ERISA")
and, therefore, this Complaint presents a federal question.

B.   Plaintiff, as Guardian, is claiming on behalf of the Ward Joseph Magee relief and
damages under ERISA for Consolidated Omnibus Budget Reconciliation Act
("COBRA") notice violations by Defendants pursuant to § 605 of ERISA (29
USC § 1166) because Mr. Magee did not receive the required COBRA election
notice after his employment was terminated after the stroke he had suffered; for
civil damages pursuant to § 502 of ERISA (29 USC § 1132) related to breaches of
Defendant's ERISA fiduciary duties under § 409 of ERISA (29 USC § 1109); for
damages for harm caused by the Defendants' negligence causing Mr. Magee's
nursing home facility to stop all rehabilitation care and therapy due to his lack of
health insurance coverage; for damages for conversion of Mr. Magee's private
property by Defendant Cargo Solution Express pursuant to Ind. Code § 34-24-3-1
for the knowing and intentional failure to return Mr. Magee's property after his
employment terminated; and attorney's fees and costs incurred by Plaintiff on Mr.
Magee's behalf.

C.   Defendant National Benefit Services, LLC ("NBS") denies that it is liable for any
of Plaintiff's claims.  Specifically, NBS notes that any claim decision it made was
made in accordance with the terms of any applicable health benefits plans or
agreements in existence at the time.  To the extent Plaintiff asserts that there was
any delay in any determinations, NBS alleges that these delays were not caused

2

by NBS, and rather, were caused by other parties.  Finally, NBS asserts that Plaintiff's negligence claim is preempted by ERISA.

III.    **Pretrial Pleadings and Disclosures**

A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before June 23, 2023.

B.    Plaintiff(s) shall file preliminary witness and exhibit lists on or before June 30, 2023.

C.    Defendant(s) shall file preliminary witness and exhibit lists on or before July 7, 2023.

D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before July 24, 2023.

E.    Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before July 24, 2023.  Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F.    Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before February 22, 2024.  Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before March 25, 2024; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before March 25, 2024.

G.    Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.    Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before July 23, 2024.  Any party who wishes to preclude

3

expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.    All parties shall file and serve their final witness and exhibit lists on or before April 23, 2024.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.    Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

Defendant NBS notes that Plaintiff has asserted claims under ERISA and under state law claims, the former of which Plaintiff is not entitled to a jury trial.  NBS is considering whether to request bifurcation of the trial.

Plaintiff disputes NBS's position regarding the scope of a potential jury trial.

K.    Discovery of electronically stored information ("ESI").

NBS does not anticipate that a substantial volume of ESI will be produced in this case and, as such, does not believe that an ESI Supplement is necessary.

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned or destroyed, or sequestered solely for the purpose of challenging the assertion of privilege.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return, destroy, or sequester all paper and electronic copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The receiving parties shall notify the producing party in writing of the return, destruction, or sequestration.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

4

The parties request that their agreement on this provision be incorporated into an order from the Court pursuant to Federal Rule of Evidence 502(d) so that the disclosure of any document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is not a waiver in this litigation or in any other federal or state proceeding.

## IV.   Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.   Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?   Defendant NBS believes the claims against it are ripe for summary judgment, as the undisputed material facts will demonstrate that all claim decisions it made were made in accordance with the terms of any applicable health benefits plans or agreements in existence at the time.  In addition, NBS asserts that Plaintiff's negligence claim is preempted by ERISA.

B.   On or before December 29, 2023, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.   Select the track that best suits this case:

---

[1]  The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

   X     Track 2: Dispositive motions are expected and shall be filed by February 23, 2024; non-expert witness discovery and discovery relating to liability issues shall be completed December 22, 2023; expert witness discovery and discovery relating to damages shall be completed May 23, 2024. All remaining discovery shall be completed by no later than 16 months from Anchor Date.  [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

## V.    Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  **The parties recommend a settlement conference in October of 2023.**

## VI.    Trial Date

The parties request a trial date in November 2024.  The trial is by jury for Plaintiff's negligence and conversion claims only, and is a bench trial for Plaintiffs' ERISA claims.  The combined trial is anticipated to take three (3) days.

## VII.    Referral to Magistrate Judge

A.    **Case**.  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.  [This section should be marked in the affirmative only if all parties consent.  Do not indicate if some parties consent and some do not.  Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial.  It is not necessary to file a separate consent.  Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment.  If no objection is filed, the consent will remain in effect.]

B.    **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should

file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**VIII.** <u>**Required Pre-Trial Preparation**</u>

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.    Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.    **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.    Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.    <u>Other Matters</u>

None at this time.

8

*s/ Rebecca S. Kleber*
Eliza R. Gordner, Attorney No. 25347-49
Rebecca S. Kleber, Attorney No. 34078-53
301 W. Jefferson Blvd., Ste. 200
Fort Wayne, IN 46802
(260) 423-9411
gordner@carsonllp.com
kleber@carsonllp.com
*Attorneys for Plaintiff*


*s/ Briana L. Clark*
Briana L. Clark, Attorney No. 27208-06
Zechariah Lee Banks, Attorney No. 37506-49
DENTONS BINGHAM GREENEBAUM, LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204-4900
(317) 635-8900
(317) 236-9907 (fax)
briana.clark@dentons.com
zechariah.banks@dentons.com
*Attorneys for Defendant,*
*National Benefit Services, LLC*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| X | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M. COUNSEL SHALL APPEAR: <br><br> _____ IN PERSON IN ROOM _____; OR <br><br> _____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR <br><br> _____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN 2/23/2024 DISCOVERY by 12/22/2023 |

10

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Date: 5/3/2023

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:
To ECF Counsel of Record