# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

JOSIE BELANGER, as guardian of the person and estate of JOSEPH MAGEE,

      Plaintiff,

vs.

CARGO SOLUTION EXPRESS INC., SHARIF CHOWDHURY, BALWINDER K. KANG and NATIONAL BENEFIT SERVICES, LLC,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 1:22-cv-002092-JMS-MC

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Cargo Solution Express Inc. ("Cargo"), Sharif Chowdhury ("Chowdhury"), and Balwinder K. Kang ("Kang") (collectively, "Cargo Defendants"), by counsel, hereby file their Answer to the Complaint [Filing No. 1] filed by Plaintiff Josie Belanger, as guardian of the person and estate of Joseph Magee, ("Ms. Belanger" or "Plaintiff") and in support thereof, allege and state as follows:

## JURISDICTION AND VENUE

1. Cargo is a California corporation with its principal place of business located in Fontana, California.

**ANSWER: Cargo Defendants admit the allegations of Paragraph 1 of the Complaint.**

2. Chowdhury is a California citizen and the named plan administrator of Cargo's group health plan.

**ANSWER:** **Cargo Defendants admit the allegations of Paragraph 2 of the Complaint.**

3. Kang is a California citizen and Cargo's President and Owner.

**ANSWER:** **Cargo Defendants admit the allegations of Paragraph 3 of the Complaint.**

4. NBS is a Utah limited liability company with its principal place of business located in West Jordan, Utah. NBS is registered to conduct business in Indiana as a foreign limited liability company.

**ANSWER:** **Cargo Defendants admit the allegations of Paragraph 4 of the Complaint.**

5. Jurisdiction of this Court is proper under 28 U.S.C. §1331, in that Ms. Belanger asserts claims under the Employee Retirement Income Security Act of 1974 ("ERISA") and, therefore, this Complaint presents a federal question.

**ANSWER:** **Cargo Defendants state that Paragraph 5 contains Plaintiffs' theories of the case and/or legal conclusions to which no answer is required. To the extent an answer is required, Cargo Defendants state that they do not challenge subject matter jurisdiction in this matter.**

6. Venue and jurisdiction are properly laid in this district under 29 U.S.C. § 1132(e)(2) in that this is the district where the breach took place.

**ANSWER:** **Cargo Defendants state that Paragraph 6 contains Plaintiffs' theories of the case and/or legal conclusions to which no answer is required. To the extent an answer is required, Cargo Defendants deny the allegations in Paragraph 6 of the Complaint.**

## FACTUAL BACKGROUND

7. On August 29, 2021, Ms. Belanger's brother, Joseph Magee, Jr. ("Magee") was employed by Cargo as a long-haul truck driver.

**ANSWER: Cargo Defendants admit the allegations of Paragraph 7 of the Complaint.**

8. NBS was acting, at all times relevant to this Complaint, as the third-party administrator for continuation coverage under Cargo's group health plan pursuant to the Consolidated Omnibus Budget Reconciliation Act ("COBRA").

**ANSWER: Cargo Defendants admit the allegations of Paragraph 8 of the Complaint.**

9. Chowdhury was acting, at all times relevant to this Complaint, as a plan administrator for Cargo's group health plan pursuant to COBRA, according to the plan Form 5500 filings.

**ANSWER: Cargo Defendants admit that Chowdhury was a plan administrator for Cargo's group health plan. Cargo Defendants deny the remaining allegations contained in or inferred from Paragraph 9 of the Complaint.**

10. Kang was President and an Owner of Cargo at all times relevant to this Complaint.

**ANSWER: Cargo Defendants admit the allegations of Paragraph 10 of the Complaint.**

11. On August 29, 2021, Magee suffered a blood clot while operating a truck in the course and scope of his employment.

**ANSWER:** Cargo Defendants are without sufficient information to affirm or deny the allegations contained in or inferred from Paragraph 11 of the Complaint, and therefore deny the same.

12. Magee was able to pull over on the highway and was eventually located by police and transported to a hospital. After evaluation and family consultation, Magee was airlifted to an Indiana hospital for life-saving brain surgery.

**ANSWER:** Cargo Defendants are without sufficient information to affirm or deny the allegations contained in or inferred from Paragraph 12 of the Complaint, and therefore deny the same.

13. Magee was subsequently diagnosed with aphasia and hemiplegia.

**ANSWER:** Cargo Defendants are without sufficient information to affirm or deny the allegations contained in or inferred from Paragraph 13 of the Complaint, and therefore deny the same.

14. Once he was stabilized, Magee was transferred to the care of the Veterans Administration acute stroke rehab center in Indianapolis, Indiana, before being transferred to a skilled nursing home facility in Beech Grove, Indiana, where Magee resided until September 24, 2022. Magee currently resides in the Indiana Veterans' Home in West Lafayette, Indiana.

**ANSWER:** Cargo Defendants are without sufficient information to affirm or deny the allegations contained in or inferred from Paragraph 14 of the Complaint, and therefore deny the same.

15. Following the August 29, 2021 incident, Ms. Belanger was designated as the family representative for medical decisions by Magee's relevant family members.

**ANSWER:** Cargo Defendants are without sufficient information to affirm or deny the allegations contained in or inferred from Paragraph 15 of the Complaint, and therefore deny the same..

16. On or about November 10, 2021, Ms. Belanger was appointed the Guardian of the Person and Estate of Magee by the Marion County Superior Court in Indiana (Cause No. 49D08-2110-GU-034482).

**ANSWER:** Cargo Defendants are without sufficient information to affirm or deny the allegations contained in or inferred from Paragraph 11 of the Complaint, and therefore deny the same.

17. Cargo was notified multiple times starting on or about August 31, 2021, by Ms. Belanger via phone and e-mail of her role as the designated family representative for Magee, and then on November 10, 2021, of her appointment as guardian.

**ANSWER:** Cargo Defendants admit that its employees communicated with Ms. Belanger and that Ms. Belanger advised she was a family representative and/or guardian of Mr. Magee. Cargo Defendants deny the remaining allegations contained in or inferred from Paragraph 17 of the Complaint.

18. After learning of Magee's August 29, 2021 incident, Cargo placed Magee on temporary termination status as of August 30, 2021.

**ANSWER:** Cargo Defendants admit the allegations of Paragraph 18 of the Complaint.

19. Upon establishing contact with Cargo, Ms. Belanger inquired about health insurance and Magee's personal belongings.

**ANSWER:** **Cargo Defendants admit that its employees communicated with Ms. Belanger and that Ms. Belanger asked about health insurance and Magee's personal belongings. Cargo Defendants deny the remaining allegations contained in or inferred from Paragraph 19 of the Complaint.**

20. A Cargo employee advised Ms. Belanger that Magee had been terminated and his health insurance coverage would end after it expired in September 2021.

**ANSWER:** **Cargo Defendants admit that its employees communicated with Ms. Belanger. Cargo Defendants deny the remaining allegations contained in or inferred from Paragraph 20 of the Complaint.**

21. The Cargo employee offered an additional 90-day extension of Magee's insurance coverage if Ms. Belanger would pay for it in full, up front.

**ANSWER:** **Cargo Defendants admit that its employees communicated with Ms. Belanger, and that Mr. Magee's insurance coverage was extended. Cargo Defendants are without sufficient information to affirm or deny the remaining allegations contained in or inferred from Paragraph 21 of the Complaint, and therefore deny the same.**

22. Ms. Belanger paid for the 90-day extension of Magee's health insurance coverage and received written confirmation from the Cargo employee that Magee's coverage would continue until December 31, 2021.

**ANSWER:** **Cargo Defendants admit that its employees communicated with Ms. Belanger, and that Mr. Magee's insurance coverage was extended. Cargo Defendants are without sufficient information to affirm or deny the remaining allegations contained in or inferred from Paragraph 22 of the Complaint, and therefore deny the same.**

23.     With respect to Magee's personal property, while visiting Magee for two weeks in September 2021, Ms. Belanger requested Cargo have Magee's personal property shipped to her hotel in Indianapolis, Indiana.  Although Cargo had sufficient information from Ms. Belanger, including the hotel's address and her room number, Cargo advised the items were sent and returned to Cargo.  Ms. Belanger's hotel informed no delivery for her had been attempted.

**ANSWER:     Cargo Defendants admit that its employees communicated with Ms. Belanger about Mr. Magee's personal belongings, and that Cargo attempted to return the items as directed.  Cargo Defendants are without sufficient information to either affirm or deny the remaining allegations contained in or inferred from Paragraph 23 of the Complaint, and therefore deny the same.**

24.     On September 19, 2021, Ms. Belanger informed Cargo to return Magee's personal property to his father's residence in Mississippi, as Ms. Belanger would be leaving the country.

**ANSWER:     Cargo Defendants admit that its employees communicated with Ms. Belanger about Mr. Magee's personal belongings, and that Cargo attempted to return the items as directed.  Cargo Defendants are without sufficient information to either affirm or deny the remaining allegations contained in or inferred from Paragraph 24 of the Complaint, and therefore deny the same.**

25.     Despite Ms. Belanger's instructions on September 19, 2021, Cargo had Magee's personal property shipped to Maryland and not until October 13, 2021.  Cargo advised that it had received oral consent from Magee to transfer his property, but Cargo was aware that Magee's condition left him unable to consent.  The package Cargo shipped to Maryland was signed for by "J. Magee" on October 16, 2021, although Magee was still in Indianapolis at that time and was unable to speak or write.  Cargo has been uncooperative in further attempts to reclaim these items.

**ANSWER:** Cargo Defendants admit that its employees communicated with Ms. Belanger about Mr. Magee's personal belongings, and that Cargo attempted to return the items as directed. Cargo Defendants deny the remaining allegations contained in or inferred from Paragraph 25 of the Complaint.

26. To date, items of Magee's remain unrecovered, including his driver's license and credit cards/bank cards.

**ANSWER:** Cargo Defendants are without sufficient information to affirm or deny the allegations contained in or inferred from Paragraph 26 of the Complaint, and therefore deny the same.

27. Without notifying Ms. Belanger, Cargo cancelled Magee's health insurance such that his coverage ended November 30, 2021.

**ANSWER:** Cargo Defendants deny the allegations contained in or inferred from Paragraph 27 of the Complaint.

28. Ms. Belanger was not informed that Magee's health insurance was cancelled on November 30, 2021, until on or about December 15, 2021, when she was informed by the Beech Grove nursing facility at which Magee resided at that time.

**ANSWER:** Cargo Defendants are without sufficient information to affirm or deny the allegations contained in or inferred from Paragraph 28 of the Complaint, and therefore deny the same.

29. Ms. Belanger subsequently contacted Cargo for verification and was informed that Magee no longer had health insurance coverage.

**ANSWER:** Cargo Defendants admit that its employees communicated with Ms. Belanger. Cargo Defendants are without sufficient information to affirm or deny the

**remaining allegations contained in or inferred from Paragraph 29 of the Complaint, and therefore deny the same.**

30.     Ms. Belanger then requested COBRA information from Cargo and from its COBRA third-party administrator, NBS.

**ANSWER:    Cargo Defendants admit the allegations of Paragraph 30 of the Complaint.**

31.     Neither Cargo nor NBS provided the required COBRA notice in response to Ms. Belanger's multiple initial requests.

**ANSWER:    Cargo Defendants deny the allegations contained in or inferred from Paragraph 31 of the Complaint.**

32.     After multiple failed attempts to obtain COBRA information, Ms. Belanger filed a complaint against Cargo with the Department of Labor on January 7, 2022.

**ANSWER:    Cargo Defendants are without sufficient information to affirm or deny the allegations contained in or inferred from Paragraph 32 of the Complaint, and therefore deny the same.**

33.     On December 9, 2021, a Cargo employee told Ms. Belanger via text that Magee could enroll in COBRA and "if you would like I can send you the link for the COBRA Insurance." Ms. Belanger responded "Yes please send the COBRA info" and the Cargo employee responded with "I will" in their text exchange.  Ms. Belanger had to follow up again on December 15, 2021, after still not receiving the COBRA information and the Cargo employee texted Ms. Belanger that she was "still waiting as well my rep has been on vacation" and that Ms. Belanger "can just go online and look up cobra coverage and apply."

**ANSWER:** **Cargo Defendants admit that its employees communicated with Ms. Belanger regarding COBRA information. Cargo Defendants deny the remaining allegations contained in or inferred from Paragraph 33 of the Complaint.**

34. On an unknown date, NBS received the qualifying event notice from Cargo. NBS generated a COBRA Event Letter and COBRA Election Form both dated February 11, 2022, which had the incorrect mailing address and yet another incorrect date of birth that was clearly wrong—October 16, 2018.

**ANSWER:** **Cargo Defendants admit that provided a qualifying event notice to NBS. Cargo Defendants are without sufficient information to affirm or deny the remaining allegations contained in or inferred from Paragraph 34 of the Complaint, and therefore deny the same.**

35. Eventually, after retaining counsel, Ms. Belanger was able to obtain the information necessary to enroll Magee, enrolling him in COBRA coverage on February 18, 2022.

**ANSWER:** **Cargo Defendants are without sufficient information to affirm or deny the allegations contained in or inferred from Paragraph 35 of the Complaint, and therefore deny the same.**

### COUNT I – FAILURE TO PROVIDE COBRA NOTICE

36. Ms. Belanger incorporates by reference the allegations contained in rhetorical paragraphs 1 through 35 of this Complaint.

**ANSWER:** **Defendants incorporate by reference all responses contained in the preceding paragraphs as if fully restated herein.**

37. Under 29 USC § 1166, an employer is required to notify the plan administrator of a qualifying event within 30 days.

**ANSWER:** **Cargo Defendants state that Paragraph 37 contains Plaintiffs' theories of the case and/or legal conclusions to which no answer is required. To the extent an answer is required, Cargo Defendants admit these allegations.**

38. Under 29 USC § 1166, plan administrators must notify the qualified beneficiary of the right to continued coverage within fourteen (14) days of receiving notice of a qualifying event.

**ANSWER:** **Cargo Defendants state that Paragraph 38 contains Plaintiffs' theories of the case and/or legal conclusions to which no answer is required. To the extent an answer is required, Cargo Defendants admit these allegations.**

39. Magee's change in employment status constituted a qualifying event for purposes of COBRA pursuant to 29 USC § 1163.

**ANSWER:** **Cargo Defendants state that Paragraph 37 contains Plaintiffs' theories of the case and/or legal conclusions to which no answer is required. To the extent an answer is required, Cargo Defendants are without sufficient information to affirm or deny the allegations contained in or inferred from Paragraph 39 of the Complaint, and therefore deny the same.**

40. Cargo and NBS failed to provide timely and appropriate COBRA notice as required by 29 USC § 1166 either after Magee's employment status changed, on August 30, 2021, or after Magee's 90-day extension of health insurance coverage ended on November 30, 2021.

**ANSWER:** **Cargo Defendants deny the allegations contained in or inferred from Paragraph 40 of the Complaint.**

41. When Ms. Belanger did finally receive information regarding COBRA benefits, it contained incorrect information regarding how to apply for COBRA, and both the COBRA registration documents and system information on file at NBS contained incorrect employee data, causing further delay.

**ANSWER:** **Cargo Defendants are without sufficient information to affirm or deny the allegations contained in or inferred from Paragraph 41 of the Complaint, and therefore deny the same.**

42. As a result of Cargo's and NBS's failure, Magee was without health insurance coverage and was unable to obtain necessary treatment during a crucial time for stroke victims.

**ANSWER:** **Cargo Defendants deny the allegations contained in or inferred from Paragraph 42 of the Complaint.**

43. Ms. Belanger is, therefore, individually and as Guardian of the person and estate of Magee, entitled to relief pursuant to 29 USC § 1132 including damages related to the loss of health coverage and rehabilitation and other health care for Magee, the statutory daily penalty, and attorney's fees and costs.

**ANSWER:** **Cargo Defendants deny the allegations contained in or inferred from Paragraph 43 of the Complaint.**

WHEREFORE, Ms. Belanger prays the Court enter judgment in her favor and against Defendants, Cargo Solution Express Inc. and National Benefit Services, in an amount that will reasonably compensate the ward, Joseph Magee, and his guardian, Ms. Belanger, for damages, for a daily penalty as prescribed by statute, for the costs of this action, attorney's fees, and all other just and proper relief in the premises.

**ANSWER:** **Defendants respectfully request that Plaintiff take nothing by way of its Complaint, that the Court enter judgment against Plaintiff and in favor of Defendants, and that the Court award Defendants' attorneys' fees and costs in this action and all other just and proper relief in the premises.**

<u>**COUNT II – BREACH OF FIDUCIARY DUTY UNDER ERISA**</u>

44. Ms. Belanger incorporates by reference the allegations contained in rhetorical paragraphs I through 43 of this Complaint.

**<u>ANSWER:</u> Defendants incorporate by reference all responses contained in the preceding paragraphs as if fully restated herein.**

45. Under 29 U.S.C. § 1104, Cargo, along with Chowdhury, Kang, and NBS, as plan administrators, owed Magee a fiduciary duty.

**<u>ANSWER:</u> Cargo Defendants deny the allegations contained in or inferred from Paragraph 45 of the Complaint.**

46. By failing to ensure Ms. Belanger received timely and accurate information regarding Magee's COBRA eligibility and information regarding enrolling Magee in COBRA coverage, Cargo, Chowdhury, Kang, and NBS breached their fiduciary duty.

**<u>ANSWER:</u> Cargo Defendants deny the allegations contained in or inferred from Paragraph 46 of the Complaint.**

47. As a result of Cargo's, NBS's, Chowdhury's, and Kang's failure, Magee was without health insurance coverage and was unable to obtain necessary treatment during a crucial time for stroke victims.

**<u>ANSWER:</u> Cargo Defendants deny the allegations contained in or inferred from Paragraph 47 of the Complaint.**

48. Ms. Belanger is, therefore, entitled to relief pursuant to 29 U.S.C. § 1109.

**<u>ANSWER:</u> Cargo Defendants deny the allegations contained in or inferred from Paragraph 48 of the Complaint.**

WHEREFORE, Ms. Belanger prays the Court enter judgment in her favor and against Defendants, Cargo Solution Express Inc., Balwinder Kang, Sharif Chowdhury, and National Benefit Services, in an amount that will reasonably compensate the ward, Joseph Magee, and his guardian, Ms. Belanger, for damages, and all other just and proper relief in the premises.

**ANSWER: Defendants respectfully request that Plaintiff take nothing by way of its Complaint, that the Court enter judgment against Plaintiff and in favor of Defendants, and that the Court award Defendants' attorneys' fees and costs in this action and all other just and proper relief in the premises.**

**COUNT III- NEGLIGENCE**

49. Ms. Belanger incorporates by reference the allegations contained in rhetorical paragraphs I through 48 of this Complaint.

**ANSWER: Defendants incorporate by reference all responses contained in the preceding paragraphs as if fully restated herein.**

50. Cargo and NBS owed Magee a duty to provide timely and proper COBRA notice.

**ANSWER: Cargo Defendants state that Paragraph 50 contains Plaintiffs' theories of the case and/or legal conclusions to which no answer is required. To the extent an answer is required, Cargo Defendants deny the allegations contained in or inferred from Paragraph 50 of the Complaint.**

51. Cargo and NBS were negligent and failed to provide timely and proper COBRA notice either after Magee's employment status changed, on August 30, 2021, or after Magee's 90-day extension of health insurance coverage ended on November 30, 2021.

**ANSWER: Cargo Defendants deny the allegations contained in or inferred from Paragraph 51 of the Complaint.**

52. As a result of Cargo's and NBS's negligence, Magee was without health insurance coverage and was unable to obtain necessary treatment during a crucial time for stroke victims.

**ANSWER: Cargo Defendants deny the allegations contained in or inferred from Paragraph 52 of the Complaint.**

53. Ms. Belanger is, therefore, entitled to damages including, but not limited to the loss of health coverage and rehabilitation and other health care for Magee, Magee's inability to access treatment during a critical period, and any other applicable damages.

**ANSWER: Cargo Defendants deny the allegations contained in or inferred from Paragraph 53 of the Complaint.**

WHEREFORE, Ms. Belanger prays the Court enter judgment in her favor and against Defendants, Cargo Solution Express Inc. and National Benefit Services, in an amount that will reasonably compensate the ward, Joseph Magee, and his guardian, Ms. Belanger, for damages, and all other just and proper relief in the premises.

**ANSWER: Defendants respectfully request that Plaintiff take nothing by way of its Complaint, that the Court enter judgment against Plaintiff and in favor of Defendants, and that the Court award Defendants' attorneys' fees and costs in this action and all other just and proper relief in the premises.**

### COUNT IV - CONVERSION

54. Ms. Belanger incorporates by reference the allegations contained in rhetorical paragraphs I through 53 of this Complaint.

**ANSWER: Defendants incorporate by reference all responses contained in the preceding paragraphs as if fully restated herein.**

55.     Ind. Code § 34-24-3-1 states that "if a person ... suffers a pecuniary loss as a result of a violation of IC 35-43, ... the person may bring a civil action against the person who caused the loss for the following ... an amount not to exceed three (3) times ... the actual damages ... the costs of the action ... [and] reasonable attorney's fee."

**ANSWER:     Cargo Defendants state that Paragraph 55 contains Plaintiffs' theories of the case and/or legal conclusions to which no answer is required. To the extent an answer is required, Cargo Defendants state Indiana Code § 34-24-3-1 speaks for itself.**

56.     Ind. Code § 35-43-4-3, states that "a person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a Class A misdemeanor."

**ANSWER:     Cargo Defendants state that Paragraph 56 contains Plaintiffs' theories of the case and/or legal conclusions to which no answer is required. To the extent an answer is required, Cargo Defendants state Indiana Code § 34-24-3-1 speaks for itself.**

57.     Under Ind. Code§ 34-24-3-1, a plaintiff's burden of proof regarding whether or not a defendant committed criminal conversion is by a preponderance of the evidence. *James v. Brink & Erb, Inc.*, 452 N.E.2d 414,416 (Ind. Ct. App. 1983).

**ANSWER:     Cargo Defendants state that Paragraph 57 contains Plaintiffs' theories of the case and/or legal conclusions to which no answer is required. To the extent an answer is required, Cargo Defendants state Indiana Code § 34-24-3-1 speaks for itself.**

58.     Cargo knowingly exercised unauthorized control over Magee's personal property.

**ANSWER:     Cargo Defendants deny the allegations contained in or inferred from Paragraph 58 of the Complaint.**

59. When it failed to have the property returned to Ms. Belanger when requested and when it inappropriately shipped Magee's property to Maryland- a state in which neither Magee nor Ms. Belanger reside.

**ANSWER:** **Cargo Defendants deny the allegations contained in or inferred from Paragraph 59 of the Complaint.**

60. The fact that Cargo was aware of Magee's condition, and of Ms. Belanger's capacity as the family's representative for Magee and was directed by Ms. Belanger to ship Magee's property to his father's residence in Mississippi, and Cargo instead shipped Magee's property to Maryland, demonstrates that Cargo acted knowingly and intentionally.

**ANSWER:** **Cargo Defendants deny the allegations contained in or inferred from Paragraph 60 of the Complaint.**

61. Ms. Belanger is, therefore, entitled to relief under Ind. Code§ 34-24-3-1, including, but not limited to, treble damages, reasonable attorney's fees, and all costs incurred in bringing this action.

**ANSWER:** **Cargo Defendants deny the allegations contained in or inferred from Paragraph 61 of the Complaint.**

WHEREFORE, Ms. Belanger prays the Court enter judgment in her favor and against Defendant, Cargo Solution Express Inc., in an amount that will reasonably compensate Ms. Belanger for her damages, treble damages, the cost of bringing this action, attorney's fees, and all other just and proper relief in the premises.

**ANSWER:** **Defendants respectfully request that Plaintiff take nothing by way of its Complaint, that the Court enter judgment against Plaintiff and in favor of Defendants, and**

**that the Court award Defendants' attorneys' fees and costs in this action and all other just and proper relief in the premises.**

<u>**ADDITIONAL DENIAL**</u>

Defendants deny any and all averments contained in the Complaint that were not expressly and unequivocally admitted in this Answer.

<u>**AFFIRMATIVE DEFENSES**</u>

1.  Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.  Plaintiff's claims are barred for failure to comply with the terms or conditions of any applicable agreements.

3.  Plaintiff's claims are barred by the coverage, terms, conditions, authorizations, exclusions, benefits period, limitations on action, exhaustion of administrative remedies and other conditions and definitions contained in any applicable health benefit plan or agreements.

4.  Plaintiff's damages, if any, were proximately caused by the actions or inactions of non-parties to this matter.

5.  Plaintiff's damages were caused, in whole or in part, by their own actions or conduct of their agents, representatives and/or consultants.

6.  If Plaintiff has received settlement or other sums from any entity as a result of the facts as alleged in Plaintiff's Complaint, Defendants are entitled to a credit and/or set-off should Plaintiff receive an award of damages, if any.

7.  Plaintiff failed to take proper and reasonable steps to avoid or mitigate the damages alleged and, to the extent of such failure to mitigate or to avoid damages, Plaintiff's claims are barred or diminished as a result of its failure to exercise reasonable care in mitigating its claimed damages, to the extent shown by facts and circumstances which are discovered in this matter.

8. Plaintiff's demand for punitive damages are subject to, and Defendants specifically incorporate by reference, all standards and/or limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *BMW of North America v. Gore,* 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001), *State Farm Mutual Automobile Insurance Co. v. Campbell,* 538 U.S. 408, 123 S.Ct. 1513 (2003), *Philip Morris, USA v. Williams,* 127 S.Ct. 1057 (2007), and *Exxon Shipping Co. v. Baker,* 128 S.Ct. 2605 (2008), together with all such standards applicable under IND. CODE § 34-51-3-4.

9. To the extent any damages alleged in Plaintiff's Complaint have been paid, reimbursed, or otherwise discounted or forgiven, Defendants are entitled to a reduction in damages claimed.

10. Defendant reserves the right to amend and supplement this list of affirmative defenses by adding such other and further affirmative defenses it discovers through discovery in this action

Respectfully submitted,

*s/William J. Brinkerhoff*
B.J. Brinkerhoff, Attorney No. 24811-53
Olivia N. Daily, Attorney No. 36342-55
JESELSKIS BRINKERHOFF AND JOSEPH, LLC
320 North Meridian Street, Suite 428
Indianapolis, Indiana 46204
Telephone: (317) 220-6290
Facsimile: (317) 220-6291
bjbrinkerhoff@jbjlegal.com
odaily@jbjlegal.com

*Counsel for Defendants Cargo Solution Express Inc., Sharif Chowdhury and Balwinder K. Kang*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 25, 2023 a copy of the foregoing was filed electronically with the Clerk of the Court via the ECF/CM system which sent notification of such filing to the following:

Eliza R. Gordner          gordner@carsonllp.com

Rebecca S. Kleber          kleber@carsonllp.com

Briana L. Clark          briana.clark@dentons.com

Zechariah Lee Banks          zechariah.banks@dentons.com


*s/William J. Brinkerhoff*
B.J. Brinkerhoff